# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICK CONNORS, | |
| Plaintiff, | Case No. 2:12-cv-01478-GMN-CWH |
| vs. | **ORDER** |
| NEVADA ENERGY, | Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |
| Defendants. | |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on August 20, 2012.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

The only claim asserted by Plaintiff is that his privacy was violated. It is true that a

person has a constitutional right to privacy. Although there is uncertainty regarding the precise bounds of the constitutional right to privacy, its existence is firmly established. *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) (citations omitted). Thus, it appears that Plaintiff's complaint implicates a federal question. However, as more fully set forth below, Plaintiff has not adequately pled facts to support the claim and, therefore, the Court will dismiss the complaint and require Plaintiff submit an amended complaint that more fully sets forth the facts underlying the privacy claim.

### C. Failure to State a Claim

As previously noted, a properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The court must accept as true all well-pled factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Id*.

Here, Plaintiff alleges that his constitutional right to privacy has been violated. To adequately plead a cause of action under section 1983, a plaintiff must show that the defendant: (1) acted under color of state law, and (2) deprived the plaintiff of a federal or constitutional right. There are two distinct kinds of constitutionally-protected privacy interest: "One is the individual interest in avoiding disclosure of personal maters, and another is the interest in independence in making certain kinds of important decisions." *In re Crawford*, 194 F. Supp at 958 (citing *Doe v. Attorney General*, 941 F.2d 780, 795 (9th Cir. 1991). Unfortunately, the complaint, on its face, alleges no facts nor does it identify any individuals responsible for any alleged constitutional violation. The Court declines to provide further instruction as Plaintiff filed a virtually identical complaint in *Connors v. United States*, 3:11-cv-00345-LRH-CWH.[1] In

---

[1] Similar claims were also dismissed in *Connors v. Frontierland Communications, et al.*, 2:12-cv-00319-

the order dismissing that complaint without prejudice, Plaintiff was given detailed instructions regarding what is necessary to plead the cause of action for which he seeks relief. *See* Order (#15), 3:11-cv-00345-LRH-CWH.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **granted**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 7th day of September, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

---

LDG-CWH (#15)