# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICK CONNORS, | |
| Plaintiff, | Case No. 2:12-cv-01478-GMN-CWH |
| vs. | **FINDINGS AND RECOMMENDATION** |
| NEVADA ENERGY, | |
| Defendants. | |

Plaintiff submitted an Application to Proceed *in Forma Pauperis* (#1) and Complaint on August 20, 2012. On September 7, 2012, the Court granted Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and ordered the Clerk of the Court to file Plaintiff's Complaint. In addition, the Court ordered that the Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days from to file an amended complaint correcting the noted deficiencies.

Plaintiff did not adequately allege a violation of the Constitution, laws, or treaties of the United States. The only claim asserted by Plaintiff was that his privacy was violated. Although there is uncertainty regarding the precise bounds of the constitutional right to privacy, its existence is firmly established. *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) (citations omitted). The Court found that it appeared as though Plaintiff's complaint implicated a federal question, but he did not adequately plead facts to support his claim. To adequately plead a cause of action under section 1983, a plaintiff must show that the defendant: (1) acted under color of state law, and (2) deprived the plaintiff of a federal or constitutional right. There are two distinct kinds of constitutionally-protected privacy interest: "One is the individual interest in avoiding disclosure of personal maters, and another is the interest in independence in making certain kinds of important decisions." *In re Crawford*, 194 F. Supp at 958 (citing *Doe v. Attorney General*, 941 F.2d 780, 795 (9th Cir. 1991). Plaintiff's complaint did not allege any facts nor identify any

individuals responsible for an alleged constitutional violation. The Court also noted that similar claims were dismissed in *Connors v. United States*, 3:11-cv-00345-LRH-CWH. More than thirty days have elapsed since the Court's Order dismissing Plaintiff's Complaint without prejudice and Plaintiff has not submitted an amending complaint with sufficient facts to state a plausible claim for relief in this case.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because Plaintiff failed to file an amended complaint within 30 days of the Court's September 7, 2012 Order.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge